# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: VEHICLE TRACKING AND SECURITY SYSTEM ('844) PATENT LITIGATION | MDL NO. 11-2249 |
| _____ | |
| PJC LOGISTICS, LLC, | |
|     Plaintiff, | |
| v. | |
| AAA COOPER TRANSPORTATION, INC.; ALLIED AUTOMOTIVE GROUP, INC.; ALLIED HOLDINGS, INC.; ARMELLINI EXPRESS LINES, INC.; ARNOLD TRANSPORTATION SERVICES, INC.; BOYD BROS. TRANSPORTATION, INC.; BYNUM TRANSPORT; CANNON EXPRESS, INC.; THE COCA-COLA COMPANY; COMCAR INDUSTRIES, INC.; CYPRESS TRUCK LINES, INC.; EAGLE MOTOR LINES, LLC; FLORIDA ROCK AND TANK LINES, INC.; INDIAN RIVER TRANSPORT CO.; JACKSON TRUCKING COMPANY, INC.; KENNESAW TRANSPORTATION, INC.; LANDSTAR SYSTEM, INC.; MCI EXPRESS, INC.; MCKENZIE TANK LINES, INC.; QUALITY DISTRIBUTION, INC.; RYDER SYSTEM, INC.; SAIA MOTOR FREIGHT LINE, LLC; SOUTHERN CAL TRANSPORT, INC.; THE SUDDATH COMPANIES; TRUCKS, INC.; and UNITED PARCEL SERVICE, INC. (UPS), | Case No. 0:11-cv-02550-DWF-SER<br><br>Transferred from the United States District Court for the Middle District of Florida; Case No. 3:11-cv-00301-UAMH-TEM<br><br>JURY TRIAL REQUESTED |
|     Defendants. | |
| _____ | |
| SAIA MOTOR FREIGHT LINE, LLC, | |
|     Counterclaim-Plaintiff, | |

|  |  |
|---|---|
| v. | ) |
|  | ) |
| PJC LOGISTICS, LLC, | ) |
|  | ) |
| Counterclaim-Defendant. | ) |

## ANSWER, AFFIRMATIVE AND OTHER DEFENSES, AND COUNTERCLAIM OF SAIA MOTOR FREIGHT LINE, LLC

Defendant Saia Motor Freight Line, LLC ("Saia"), by and through its counsel, hereby serves its Answer and Affirmative and Other Defenses to the Complaint of Plaintiff PJC Logistics, LLC ("Plaintiff"):

1.  Saia admits that the Complaint contains allegations of alleged patent infringement under Title 35 of the United States Code, but expressly denies that Saia has committed any such alleged acts or wrongdoings. Except as expressly admitted herein, Saia denies each and every other allegation set forth in Paragraph 1 of the Complaint.

2.  Saia is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint and, accordingly, denies each and every allegation set forth therein.

3.  Saia is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Complaint and, accordingly, denies each and every allegation set forth therein.

4.  Saia is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the Complaint and, accordingly, denies each and every allegation set forth therein.

5. Saia is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of the Complaint and, accordingly, denies each and every allegation set forth therein.

6. Saia is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the Complaint and, accordingly, denies each and every allegation set forth therein.

7. Saia is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Complaint and, accordingly, denies each and every allegation set forth therein.

8. Saia is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Complaint and, accordingly, denies each and every allegation set forth therein.

9. Saia is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint and, accordingly, denies each and every allegation set forth therein.

10. Saia is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Complaint and, accordingly, denies each and every allegation set forth therein.

11. Saia is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint and, accordingly, denies each and every allegation set forth therein.

12. Saia is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Complaint and, accordingly, denies each and every allegation set forth therein.

13. Saia is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Complaint and, accordingly, denies each and every allegation set forth therein.

14. Saia is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Complaint and, accordingly, denies each and every allegation set forth therein.

15. Saia is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Complaint and, accordingly, denies each and every allegation set forth therein.

16. Saia is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the Complaint and, accordingly, denies each and every allegation set forth therein.

17. Saia is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 of the Complaint and, accordingly, denies each and every allegation set forth therein.

18. Saia is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the Complaint and, accordingly, denies each and every allegation set forth therein.

19. Saia is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of the Complaint and, accordingly, denies each and every allegation set forth therein.

20. Saia is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of the Complaint and, accordingly, denies each and every allegation set forth therein.

21. Saia is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 of the Complaint and, accordingly, denies each and every allegation set forth therein.

22. Saia is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 of the Complaint and, accordingly, denies each and every allegation set forth therein.

23. Saia is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of the Complaint and, accordingly, denies each and every allegation set forth therein.

24. Saia denies that it is a corporation organized under the laws of Delaware. Saia admits that it is a limited liability company organized and existing under the laws of the state of Louisiana, with its principal place of business located at 11465 Johns Creek Parkway, Suite 400, Johns Creek, GA 30097. Saia admits that its Florida registered agent is CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324. Saia denies the remaining allegations of Paragraph 24 of the Complaint.

25. Saia is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 of the Complaint and, accordingly, denies each and every allegation set forth therein.

26. Saia is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 of the Complaint and, accordingly, denies each and every allegation set forth therein.

27. Saia is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 of the Complaint and, accordingly, denies each and every allegation set forth therein.

28. Saia is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 of the Complaint and, accordingly, denies each and every allegation set forth therein.

## **JURISDICTION AND VENUE**

29. Saia admits that the Complaint contains allegations of alleged patent infringement under Title 35 of the United States Code, but expressly denies that Saia has committed any such alleged acts or wrongdoings.  Saia admits that the Court has subject matter jurisdiction over this action and that, although venue is proper in the United States District Court for the Middle District of Florida, on September 6, 2011 the United States Judicial Panel on Multidistrict Litigation issued a Transfer Order in MDL No. 2249 ordering, pursuant to 28 U.S.C. § 1407, that this action and others pending outside of the United States District Court for the District of Minnesota be transferred to that district and, with the consent of that court, assigned to the Honorable Donovan W. Frank, for coordinated or consolidated pretrial proceedings.  Except as expressly admitted herein, Saia denies each and every other allegation set forth in Paragraph 29 of the Complaint.

30. Saia is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 of the Complaint and, accordingly, denies each and every allegation set forth therein.

31. Saia is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 of the Complaint and, accordingly, denies each and every allegation set forth therein.

32. Saia is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 of the Complaint and, accordingly, denies each and every allegation set forth therein.

33. Saia is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33 of the Complaint and, accordingly, denies each and every allegation set forth therein.

34. Saia is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34 of the Complaint and, accordingly, denies each and every allegation set forth therein.

35. Saia is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35 of the Complaint and, accordingly, denies each and every allegation set forth therein.

36. Saia is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36 of the Complaint and, accordingly, denies each and every allegation set forth therein.

37. Saia is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37 of the Complaint and, accordingly, denies each and every allegation set forth therein.

38. Saia is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38 of the Complaint and, accordingly, denies each and every allegation set forth therein.

39. Saia is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39 of the Complaint and, accordingly, denies each and every allegation set forth therein.

40. Saia is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40 of the Complaint and, accordingly, denies each and every allegation set forth therein.

41. Saia is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41 of the Complaint and, accordingly, denies each and every allegation set forth therein.

42. Saia is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42 of the Complaint and, accordingly, denies each and every allegation set forth therein.

43. Saia is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43 of the Complaint and, accordingly, denies each and every allegation set forth therein.

44. Saia is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44 of the Complaint and, accordingly, denies each and every allegation set forth therein.

45. Saia is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45 of the Complaint and, accordingly, denies each and every allegation set forth therein.

46. Saia is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46 of the Complaint and, accordingly, denies each and every allegation set forth therein.

47. Saia is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 47 of the Complaint and, accordingly, denies each and every allegation set forth therein.

48. Saia is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 48 of the Complaint and, accordingly, denies each and every allegation set forth therein.

49. Saia is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 49 of the Complaint and, accordingly, denies each and every allegation set forth therein.

50. Saia is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 50 of the Complaint and, accordingly, denies each and every allegation set forth therein.

51. Saia denies the allegations of Paragraph 51 of the Complaint.

52. Saia is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 52 of the Complaint and, accordingly, denies each and every allegation set forth therein.

53. Saia is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53 of the Complaint and, accordingly, denies each and every allegation set forth therein.

54. Saia is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 54 of the Complaint and, accordingly, denies each and every allegation set forth therein.

55. Saia is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 55 of the Complaint and, accordingly, denies each and every allegation set forth therein.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 5,223,844

56. Saia incorporates by reference its answers to Paragraphs 1 through 55 of the Complaint, as if fully set forth herein.

57. Saia admits that Exhibit A appears to be a copy of U.S. Patent No. 5,223,844 (the "'844 Patent"), and states that the document speaks for itself. Saia denies that the '844 Patent was duly and legally issued by the United States Patent and Trademark Office. Saia is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 57 of the Complaint and, accordingly, denies each and every other allegation set forth therein.

58. Saia is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 58 of the Complaint and, accordingly, denies each and every other allegation set forth therein.

59. Saia denies that it uses electronic fleet management systems that embody the alleged invention of the '844 Patent. Saia denies that it has infringed, contributed to the infringement of, and/or induced the infringement of any claim of the '844 Patent. Saia denies that it has committed any of the alleged acts of patent infringement or wrongdoing. Saia admits that it does not hold, nor does it require, a license to or authorization concerning the '844 Patent. Saia is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 59 of the Complaint as they relate to the other named defendants including AAA Cooper Transportation, Inc., Allied Automotive Group, Inc., Allied Holdings, Inc., Armellini Express Lines, Inc., Arnold Transportation Services, Inc., Boyd Bros. Transportation, Inc., Bynum Transport, Cannon Express, Inc., The Coca-Cola Company, Comcar Industries, Inc., Cypress Truck Lines, Inc., Eagle Motor Lines, LLC, Florida Rock and Tank Lines, Inc., Indian River Transport Co., Jackson Trucking Company, Inc., Kennesaw Transportation, Inc., Landstar System, Inc., MCI Express, Inc., McKenzie Tank Lines, Inc., Quality Distribution, Inc., Ryder System, Inc., Southern Cal Transport, Inc., The Suddath Companies, Trucks, Inc., and United Parcel Service (UPS), and, accordingly, denies such allegations. Saia denies the remaining allegations of Paragraph 59 of the Complaint.

60. Saia denies that it has committed any of the alleged acts of patent infringement or wrongdoing. Saia denies that Plaintiff has been, is being, or will be damaged by any of Saia's actions. Saia is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 60 of the Complaint as they relate to the other named defendants including AAA Cooper Transportation, Inc., Allied Automotive Group, Inc., Allied Holdings, Inc., Armellini Express Lines, Inc., Arnold Transportation Services, Inc., Boyd Bros. Transportation, Inc., Bynum Transport, Cannon Express, Inc., The Coca-Cola Company, Comcar

Industries, Inc., Cypress Truck Lines, Inc., Eagle Motor Lines, LLC, Florida Rock and Tank Lines, Inc., Indian River Transport Co., Jackson Trucking Company, Inc., Kennesaw Transportation, Inc., Landstar System, Inc., MCI Express, Inc., McKenzie Tank Lines, Inc., Quality Distribution, Inc., Ryder System, Inc., Southern Cal Transport, Inc., The Suddath Companies, Trucks, Inc., and United Parcel Service (UPS), and, accordingly, denies such allegations. Saia denies the remaining allegations of Paragraph 60 of the Complaint.

## JURY DEMAND

61. Paragraph 61 of the Complaint is a jury demand to which no response is required.

## RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

Saia denies that Plaintiff is entitled to any relief in this action against Saia, as requested in the Complaint or otherwise.

## AFFIRMATIVE AND OTHER DEFENSES

Further answering Plaintiff's Complaint, and as additional defenses thereto, Saia asserts the following affirmative and other defenses, without assuming the burden of proof where such burden would otherwise be on Plaintiff. Saia reserves the right to amend its Answer as additional information becomes available and/or is otherwise discovered.

### First Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Defense

Upon information and belief, by reason of the proceedings in the U.S. Patent and Trademark Office during the prosecution of the application that matured into the '844 Patent, and in particular, the applicants and/or their representative(s) and/or agent's remarks,

representations, concessions, amendments and/or admissions during those proceedings, Plaintiff is precluded and estopped from asserting that Saia has infringed any claims of the '844 Patent.

### Third Defense

Upon information and belief, Saia states that Plaintiff is wholly or partially barred from the relief sought because the '844 Patent is invalid as to each of the claims thereof for failure to comply with the requirements of the patent laws of the United States, 35 U.S.C. § 100, *et seq.*, including, but not limited to, those set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

### Fourth Defense

Saia has not infringed, contributed to the infringement of, and/or induced the infringement of any valid and enforceable claim of the '844 Patent.

### Fifth Defense

Upon information and belief, Plaintiff is wholly or partially barred from the relief sought to the extent that Plaintiff has not complied with the notice requirements of 35 U.S.C. § 287.

### Sixth Defense

Upon information and belief, Plaintiff is wholly or partially barred from the relief sought because the delay of Plaintiff in asserting any rights under the '844 Patent justifies invocation of the principles and/or doctrines of waiver, acquiescence, laches, estoppel, unclean hands, and/or other applicable equitable defenses.

### Seventh Defense

Upon information and belief, and to the extent Plaintiff may, *arguendo*, be successful in proving its infringement allegations, which Saia expressly denies, and Plaintiff is able to prove any alleged damages, it has neglected, failed, and refused to mitigate damages, if any, and is thereby barred from recovery herein, or any such recovery must be reduced accordingly.

**Eighth Defense**

The claims asserted against Saia are barred, in whole or in part, by the applicable statute of limitation.

**Ninth Defense**

Plaintiff cannot meet the requirements for an award of enhanced damages, treble damages, costs or attorney's fees.

**Tenth Defense**

Plaintiff has an adequate remedy at law and is thus not entitled to injunctive relief.

Saia expressly reserves the right to raise and/or assert any further defenses which may become applicable as discovery proceeds in this matter.

WHEREFORE, Saia denies that Plaintiff is entitled to any relief as prayed for in the Complaint or otherwise and, accordingly, respectfully prays for entry of judgment:

    A.    Dismissing Plaintiff's Complaint against Saia with prejudice;

    B.    Finding that Saia has not infringed, contributed to the infringement of, and/or induced the infringement of, and is not infringing, contributing to the infringement of, and/or inducing the infringement of, any of the claims of the '844 Patent;

    C.    Finding that each claim of the '844 Patent is invalid;

    D.    Finding that each claim of the '844 Patent is unenforceable;

    E.    Permanently enjoining Plaintiff and any of its respective officers, directors, agents, servants, employees and attorneys, and all persons in active concert or participation with any of them, from directly or indirectly asserting, stating, implying or suggesting that Saia and/or any of its

respective officers, directors, agents, servants, employees, subsidiaries or customers, infringe any of the claims of the '844 Patent, or instituting any further action for infringement of the '844 Patent against Saia or any of Saia's customers, agents, successors and assigns;

F. Finding that this is an exceptional case and awarding to Saia attorney's fees pursuant to 35 U.S.C. § 285;

G. Awarding to Saia its costs and expenses; and

H. Awarding to Saia such other and further relief as the Court may deem just and proper under the circumstances.

## COUNTERCLAIMS

Comes now Defendant-Counterclaim Plaintiff Saia Motor Freight Line, LLC ("Saia"), by and through its counsel, and, for its Counterclaim against PJC Logistics, LLC ("Counterclaim-Defendant"), states as follows:

## Nature of the Action

1. This Counterclaim seeks a judgment declaring that the claims of U.S. Patent No. 5,223,844 (the "'844 Patent") are invalid, unenforceable and/or not infringed by Saia.

## Jurisdiction and Venue

2. This Court has subject matter jurisdiction over this Counterclaim pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, under 28 U.S.C. §§ 1331 and 1338(a), and under the patent laws of the United States, 35 U.S.C. § 1, *et seq.* Counterclaim-Defendant is subject to this Court's jurisdiction because it has purposefully availed itself of the laws of the State of Florida at least by commencing this civil lawsuit against Saia in the United States District Court for the Middle District of Florida. Although venue lies in the United States

District Court for the Middle District of Florida under 28 U.S.C. §§ 1400(b) and 1391, Saia notes that on September 6, 2011 the United States Judicial Panel on Multidistrict Litigation issued a Transfer Order in MDL No. 2249 ordering, pursuant to 28 U.S.C. § 1407, that this action and others pending outside of the United States District Court for the District of Minnesota be transferred to that district and, with the consent of that court, assigned to the Honorable Donovan W. Frank, for coordinated or consolidated pretrial proceedings.

### The Parties

3. Saia is a limited liability company organized and existing under the laws of the state of Louisiana with its principal place of business located at 11465 Johns Creek Parkway, Suite 400, Johns Creek, GA 30097.

4. Upon information and belief, PJC Logistics, LLC is a Texas limited liability company with its principal place of business located at 777 Enterprise Drive, Hewitt, TX 76643.

### Acts Giving Rise to the Counterclaims

5. On March 29, 2011, Counterclaim-Defendant commenced a civil lawsuit against Saia alleging that Saia has infringed, contributed to the infringement of, and induced the infringement of one or more of the claims of the '844 Patent.

6. By such actions, Counterclaim-Defendant created an actual and justiciable case and controversy between Counterclaim-Defendant and Saia concerning whether the claims of the '844 Patent are valid and/or enforceable, as well as whether Saia is infringing any valid and/or enforceable claim of the '844 Patent.

7. Saia has not infringed, contributed to the infringement of, and/or induced the infringement of, and is not infringing, contributing to the infringement of, and/or inducing the infringement of, any claims of the '844 Patent.

**COUNTERCLAIM COUNT I**
**Declaratory Judgment of Invalidity**
**and Non-Infringement of U.S. Patent No. 5,223,844**
**(28 U.S.C. §§ 2201 and 2202)**

8. Saia incorporates by reference each and every allegation set forth in Paragraphs 1 through 7 of this Counterclaim as if fully set forth and restated herein.

9. Upon information and belief, the claims of the '844 Patent are invalid and void for failure to comply with the requirements of the patent laws of the United States, 35 U.S.C. § 100, *et seq.*, including, but not limited to, those set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

10. By reason of the proceedings in the U.S. Patent and Trademark Office during the prosecution of the application that matured into the '844 Patent and, in particular, the applicants' and/or their representative(s) and/or agents' remarks, representations, concessions, amendments and/or admissions during those proceedings, Counterclaim-Defendant is precluded and estopped from asserting that Saia has infringed any of the claims of the '844 Patent.

11. Should any claim of the '844 Patent not, <u>arguendo</u>, be held invalid and/or void, it is so restricted in scope that Saia has not infringed, and does not infringe, whether directly, contributorily, and/or by inducement, that claim.

WHEREFORE, Counterclaim-Plaintiff Saia respectfully prays that the Court enter judgment in its favor and award the following relief against Counterclaim-Defendant:

A. Dismissing the Complaint against Saia with prejudice;

B. Declaring that Saia has not infringed, contributed to the infringement of, and/or induced the infringement of, and is not infringing, contributing to the infringement of, and/or inducing the infringement of, any of the claims of the '844 Patent;

C. Declaring that each claim of the '844 Patent is invalid and of no force or effect;

D. Permanently enjoining Counterclaim-Defendant and its officers, directors, agents, servants, employees and attorneys, and any and all persons in active concert or participation with any of them, from asserting, stating, implying or suggesting that Saia and/or any of its respective officers, directors, agents, servants, employees, subsidiaries or customers, infringe upon any of the claims of the '844 Patent;

E. Awarding Saia its costs and reasonable attorneys' fees under 15 U.S.C. § 15(a) and 35 U.S.C. § 285; and

F. Awarding and granting Saia such other and further relief as the Court deems just and proper under the circumstances.

### Jury Demand

Saia respectfully requests a jury trial on all issues so triable.

Dated: September 29, 2011

By: s/Felicia J. Boyd
Felicia J. Boyd (MN #186168)
BARNES & THORNBURG LLP
225 South Sixth Street, Suite 2800
Minneapolis, MN 55402
Telephone: (612) 333-2111
Facsimile: (612) 333-6798
Email: felicia.boyd@btlaw.com

Daniel A. Crowe, Esq. (*pro hac vice*)
Nick E. Williamson, Esq. (*pro hac vice*)
BRYAN CAVE LLP
211 N. Broadway, Suite 3600
St. Louis, MO 63102
Telephone: (314) 259-2000
Facsimile: (314) 259-2020
Email: dcrowe@bryancave.com
Email: nick.williamson@bryancave.com

**ATTORNEYS FOR SAIA MOTOR FREIGHT LINE, LLC**

MIDS01 FBOYD 653672v1