## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: VEHICLE TRACKING AND SECURITY SYSTEM ('844) PATENT LITIGATION<br><br>This Document Relates to All Actions | MDL No. 11-2249 (DWF/SER)<br><br>**PRETRIAL ORDER NO. 3** |

In the Pretrial Order No. 2, dated February 7, 2012, the Court ordered the parties to submit letter briefs addressing the issue of which side should proceed first with specified early infringement disclosures and contentions. The parties have submitted their respective briefs on the issue and do not agree on how to proceed.

After considering the parties' submissions and the sources cited, the Court agrees with Defendants that the widely-accepted approach of requiring Plaintiff to come forward first with detailed infringement contentions and a detailed factual basis for each such contention before seeking discovery from Defendants is appropriate. Indeed, Form 4 of the Local Rules in this district lays out the information that must be identified in Plaintiff's Claim Chart.[1]

---

[1] The requirements of Form 4 under the heading of "Discovery Relating to Claim Construction Hearing" are consistent with the procedure laid out in the local rules for the Northern District of California insofar as those rules require the plaintiff in a patent infringement case to come forward first, and separately for each opposing party, with a "Disclosure of Asserted Claims and Infringement Contentions" containing a specific factual basis for each infringement contention. *See* L.R. 3-1 of the Patent Local Rules for the N. Dist. of Cal.

Accordingly, the Court hereby **ORDERS** the following:

1. No later than March 15, 2012, Plaintiff shall submit its Claim Chart identifying the following: (1) which claim(s) of its patent(s) it alleges are being infringed; (2) which specific products or methods of Defendants' it alleges literally infringe each claim; and (3) where each element of each claim listed in (1) is found in each product or method listed in (2), including the specific factual basis for each contention that the element is present. If there is a contention by Plaintiff that there is infringement of any claims under the doctrine of equivalents, Plaintiff shall separately indicate this on its Claim Chart and, in addition to the information required for literal infringement, Plaintiff shall also explain each function, way, and result that it contends are equivalent, and why it contends that any differences are not substantial.

2. No later than sixty (60) days after Plaintiff submits its Claim Chart, Defendants shall submit their Claim Chart(s). Defendants' Claim Chart shall indicate with specificity which elements on Plaintiff's Claim Chart each defendant admits are present in its accused device or process, and which it contends are absent. In the latter regard, Defendants will set forth in detail the basis for any contention that the element is absent. As to the doctrine of equivalents, Defendants shall indicate on their chart their contentions concerning any differences in function, way, and result, and why any differences are substantial.

Dated: February 25, 2012       s/Donovan W. Frank
                               DONOVAN W. FRANK
                               United States District Judge